NO. 07-01-0320-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 28, 2001


______________________________



DESA WELLS
,




 Appellant


v.



BRETON MILL APARTMENTS




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 4 OF HARRIS COUNTY;



NO. 749,853; HON. CYNTHIA CROWE, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Desa Wells (appellant) attempted to perfect an appeal to this Court on June 28,
2001. By letter dated August 14, 2001, we informed her that the filing fee of $125.00
required to perfect this appeal was outstanding and that the failure to pay same by
August 24, 2001 would result in the dismissal of the cause. To date, no such filing fee
has been received from Wells. Due to that circumstance, we dismiss the appeal
pursuant to Texas Rule of Appellate Procedure 42.3 (c). 

 

 Per Curiam 

Do not publish. 



align: justify">Before CAMPBELL and HANCOCK and PIRTLE, JJ.


DISSENTING OPINION


          While I agree with the majority conclusion that the trial court erred by failing to give
an accomplice as a matter of fact instruction pertaining to the testimony of Stephanie
Yzaguirre, I respectfully disagree with the majority conclusion that the omission was not
harmless error. Because I would find such error harmless, I dissent.
          A conviction cannot be had upon the testimony of an accomplice witness unless that
testimony is “corroborated by other evidence tending to connect the defendant with the
offense” committed. Tex. Code Crim. Proc. art. 38.14 (Vernon 2005). When the evidence
raises a question of fact concerning whether or not a witness is an accomplice, the trial
court must submit an accomplice witness instruction, and failure to do so is error. 
Oursbourn v. State, 259 S.W.3d 159, 180 (Tex.Crim.App. 2008). However, the failure to
submit an accomplice witness as a matter of fact instruction may amount to harmless error
if some non-accomplice evidence tends to connect the accused to the offense. Herron
v. State, 86 S.W.3d 621, 632 (Tex.Crim.App. 2002). 
          The harmless error analysis for the omission of an accomplice witness instruction
should be flexible, taking into account the existence and strength of any non-accomplice
evidence and the applicable standard of harm. Id. In determining the strength of a
particular item of non-accomplice evidence, an appellate court must examine (1) its
reliability or believability and (2) the strength of its tendency to connect the defendant to
the crime. Id.
          When, as here, the error is properly preserved, a reversal is required if “some harm”
is shown. Under the “some harm” standard, the omission of an accomplice witness
instruction is harmless if it does not affect the substantial rights of the appellant. Tex. R.
App. P. 44.2(b). A substantial right is affected when the error had a substantial and
injurious effect or influence in determining the jury’s verdict. Russell v. State, 113 S.W.3d
530, 549 (Tex.App.–Fort Worth 2003, pet. ref’d) (citing King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997)).
          In order to determine whether the testimony of an accomplice witness tends to
connect the defendant to the crime, an appellate court must disregard all accomplice
witness testimony and instead focus solely upon the remaining non-accomplice witness
evidence. Munoz v. State, 853 S.W.2d 558, 559 (Tex.Crim.App. 1993). It is not necessary
that the non-accomplice evidence prove all the elements of the offense charged, nor is it
necessary that the evidence directly link the defendant to the crime. Gill v. State, 873
S.W.2d 45, 48 (Tex.Crim.App. 1994). Although the non-accomplice evidence may be
weak, if it fails to connect the defendant to the offense the evidence is insufficient to
support a conviction. Munoz, 853 S.W.2d at 560. In evaluating the sufficiency of the non-accomplice evidence, each case must be considered on its own facts and circumstances,
and only non-accomplice evidence presented to the jury may be considered. Id.
          In the instant case, aside from the testimony of the accomplice witnesses, the State
presented testimony from Adam Salazar, one of the Whataburger employees who was
robbed, to the effect that he recognized the eyebrows and eyes of Appellant. While the
strength of the tendency of this non-accomplice witness testimony to connect Appellant to
the crime is great (such testimony is tantamount to an eye witness identification), it can be
argued that the reliability or believability factor is weak. Where the evidence of a witness’s
status as an accomplice was tenuous (barely enough to support submission as an
accomplice as a matter of fact), the Court of Criminal Appeals has found error harmless
under the “some harm” standard when the non-accomplice evidence consisted of
eyewitness testimony connecting the defendant to the crime. Medina v. State, 7 S.W.3d
633 (Tex.Crim.App. 1999). 
          Having considered the non-accomplice evidence, the strength of its tendency to
connect Appellant to the crime, its relative reliability, and the tenuous status of Yzaguirre
as an accomplice witness, I remain convinced that the trial court’s failure to submit an
accomplice witness instruction as to Yzaguirre did not have a substantial and injurious
effect or influence on the jury’s verdict. Because I would find the error harmless, I would
overrule Appellant’s issue.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice





Publish.